IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD A STATES, JR., et al.,

      Plaintiffs,

v.

FERNWOOD HOTEL AND RESORT, et al.,

      Defendants.

CIVIL ACTION
NO. 12-0906

## **Opinion**

Before the Court is Plaintiffs' Motion in Limine to Preclude Any Testimony, Evidence or

Mention About the Toy Slingshot, including Defendants' Expert, Paul M. Verghese, Ph.D., P.E.'s

Video Demonstration of his Testing of the Slingshot (Doc. No. 44). In deciding this Motion, the

Court has reviewed the Motion (Doc. No. 44), Plaintiffs' Brief in Support (Doc. No. 58), the

video demonstration (attached to Doc. No. 58) and Defendants' Opposition (Doc. No. 65).

There are two pieces of evidence at issue in Plaintiffs' Motion. The first is testimony

that a toy slingshot was found on the table at the Wintergreens Restaurant after a pane of glass

fell onto Plaintiff Richard States, a patron at the restaurant. Defendants contend that the presence

of the slingshot raises an inference that its use was somehow responsible for causing the

overhead glass to break. The second is a video demonstration by the defense expert, Dr. Paul

Verghese, who conducted experiments with the slingshot. Each item of evidence will be

discussed seriatim.

First, Plaintiffs argue in their Motion to preclude that testimony concerning the presence

of a toy slingshot on the table will raise an unfair and prejudicial inference with the jury that

either B.L.S., a minor at the table, or Plaintiff Amaryllis Roman, an adult at the table, caused the

glass to fracture while playing with the toy slingshot. Under Federal Rule of Evidence 403, "the

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . misleading the jury. . . ." F.R.E. 403. However, there is a strong presumption that relevant evidence is admissible. Coleman v. Home Depot, Inc., 306 F. 3d 1333, 1343-44 (3d Cir. 2002).

In this case, determining what caused the pane of glass to fall is a material issue of fact for the jury to decide. Defendants contend that someone sitting at the table fired an object from the slingshot at the pane of glass, causing the glass to shatter and fall. Testimony that a slingshot was found at the table has probative value on this claim. The relevancy of this evidence outweighs any possibility of unfair prejudice in the jury knowing that a toy slingshot was located on the table. Although the mere presence of the slingshot on the table without proof of an actual projectile may mislead the jury to some extent, a rational jury will be able to differentiate between the presence of the slingshot as a cause of the incident from the other factors that will be advanced by Plaintiffs as a cause. For example, Plaintiffs' expert, Morris Silberman, who has personal and practical experience over a forty year career with a similar kind of glass, will testify that, among other reasons, the cause of the accident was Defendants' failure to properly maintain the glass. Therefore, since evidence of the slingshot is relevant and is not substantially outweighed by countervailing factors, Plaintiffs' Motion to preclude any reference at trial to the presence of the slingshot will be denied. Defendants will be allowed to introduce evidence concerning the presence of the toy slingshot found on the table after the glass fell.

The next item of evidence at issue is Dr. Paul Verghese's video demonstration. In the demonstration, Dr. Verghese conducts an experiment in which he shoots objects out of the slingshot at a large pane of glass. The glass eventually shatters. Experimental evidence of this nature "is admissible so long as it is relevant and probative." Glick v. White Motor Co., 458

2

F.2d 1287, 1294 (3d Cir. 1972) (citing Crown Cork and Seal Co. v. Morton Pharmaceuticals, Inc., 417 F.2d 921 (6th Cir. 1969)). Probative value exists when "the conditions of the experiment are identical with or similar to the conditions of the transactions in litigation." Id. Here, the conditions of Dr. Verghese's experiment are not at all similar to the conditions in the Wintergreens Restaurant at the time of the incident, and for the following reasons the video demonstration will not be admitted into evidence.

First, Dr. Verghese modified the toy slingshot in his experiment. He attached a binder clip to the toy to keep the rubber band from slipping off. In addition, the slingshot has a hole in it to prevent the launching of small objects. The toy slingshot comes with a sponge ball which is large enough to be propelled from the rubber band without the band being modified. In the video, Dr. Verghese has covered the hole in the rubber band with aluminum foil so that he could shoot smaller objects such as coins and marbles at the glass. These modifications significantly altered the capability of the slingshot. Clipping the band in place serves to secure the rubber band and could allow for extra leverage. Covering the hole in the slingshot would allow the toy to launch smaller, heavier, more solid items. These conditions do not accurately reflect the slingshot on the day of the incident, which was found without any such modifications.

Second, the demonstration shows Dr. Verghese shooting coins and marbles at the glass. However, no coins or marbles were found at the scene of the incident. In fact, no object was found that could be attributed to being expelled from the toy slingshot that caused the accident. Dr. Verghese did not attempt to break the glass with the sponge ball that was included as part of the toy and was found at the scene. Additionally, even using the modified slingshot with a marble or coin, it took Dr. Verghese fifteen attempts to break the glass. Repeatedly shooting a marble or coin out of the slingshot distorts the conditions on the day of the incident, because

3

there is no evidence that anyone shot a marble or a coin repeatedly at the pane of glass that fell on Plaintiff States.

Finally, the table where the pane fell was located under a greenhouse-like structure so that patrons could view the outdoors from any angle. At the time of the incident, the roof was on a slope. The glass panel that Dr. Verghese used in his experiment, however, was placed perpendicular to the floor, not in an overhead sloped position similar to the position of the pane in the Wintergreens Restaurant. This discrepancy is another example of how the conditions in the experiment differed from the conditions in the restaurant at the time of the accident.

In the aggregate, these changes rendered the conditions of Dr. Verghese's experiment so dissimilar to the conditions in the Wintergreens Restaurant on the day of the incident that the demonstration does not have probative value. It would not be helpful for the jury to hear that a slingshot that was significantly modified could break a pane of glass if it fired a small, heavier, more solid object at the glass fifteen times. Because the video demonstration has no probative value, it will be inadmissible at trial.[1] Plaintiffs' Motion with respect to the video demonstration will be granted.

As a final note, Dr. Verghese will be permitted to give his opinion regarding whether the slingshot in question could have punctured glass, but only if his testimony is based on conditions that are substantially similar to the conditions in the restaurant at the time of the incident. Moreover, to the extent that Plaintiffs seek to prevent Dr. Verghese from testifying altogether, this request will be denied.

---

[1] Even if the demonstration was somehow relevant, the modifications made to the slingshot make the demonstration so misleading that under Federal Rule of Evidence 403, it would be inadmissible.

For the foregoing reasons, Plaintiffs' Motion in Limine to Preclude Any Testimony, Evidence or Mention About the Toy Slingshot, including Defendants' Expert, Paul M. Verghese, Ph.D., P.E.'s Video Demonstration of his Testing of the Slingshot (Doc. No. 44) will be granted in part and denied in part.

RICHARD A STATES, JR., et al.,

        Plaintiffs,

v.

FERNWOOD HOTEL AND RESORT, et al.,

        Defendants.

CIVIL ACTION
NO. 12-0906

## ORDER

**AND NOW**, this 15th day of January 2014, upon consideration of Plaintiffs' Motion in Limine to Preclude Any Testimony, Evidence or Mention About the Toy Slingshot, including Defendants' Expert, Paul M. Verghese, Ph.D., P.E.'s Video Demonstration of his Testing of the Slingshot (Doc. No. 44), Plaintiffs' Brief in Support (Doc. No. 58), the video demonstration (Id.) and Defendants' Opposition (Doc. No. 65), it is **ORDERED** that Plaintiffs' Motion in Limine to Preclude Any Testimony, Evidence or Mention About the Toy Slingshot, including Defendants' Expert, Paul M. Verghese, Ph.D., P.E.'s Video Demonstration of his Testing of the Slingshot (Doc. No. 44) is **GRANTED IN PART** and **DENIED IN PART**. Defense expert Dr. Paul Verghese will be permitted to testify as to the presence of the slingshot, but his video demonstration is inadmissible.

                                  BY THE COURT:

                                    *Joel Slomsky*
                                  JOEL H. SLOMSKY, J.