IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD A STATES, JR., et al.,

    Plaintiffs,

v.

FERNWOOD HOTEL AND RESORT, et al.,

    Defendants.

CIVIL ACTION
NO. 12-0906

## **Opinion**

Before the Court is Defendants' Motion to Exclude the Testimony of Morris Silberman, or in the Alternative, for a Daubert Hearing. (Doc. No. 28.) In deciding this Motion, the Court has reviewed the Motion (Doc. No. 28), Defendants' Brief in Support (Doc. No. 29), Plaintiffs' Response (Doc. No. 33), Plaintiffs' Brief in Opposition (Doc. No. 34), and supporting exhibits submitted by the parties.

By way of background, on June 19, 2010, Plaintiff Richard States, Plaintiff Amaryllis Roman and their daughter B.L.S., a minor, were seated in Defendants' Wintergreens Restaurant. (Doc. No. 3 at 3.) The restaurant was enclosed by a greenhouse-like structure, with double pane glass windows comprising the walls and roof. Suddenly, the bottom pane of a window came falling down from the ceiling and hit Plaintiff Richard States on the head, resulting in injuries to his head and neck. (Id.) Plaintiffs allege claims of negligence against Defendants. (Id.) Plaintiff Roman also alleges claims of negligent infliction of emotional distress and loss of consortium. (Id. at 3- 9.)

As a preliminary matter, the Court will not hold a Daubert hearing on the Motion to Preclude the Testimony of Morris Silberman. The decision "to hold [a Daubert hearing] rests in

the sound discretion of the district court" and, as noted by the Third Circuit, a <u>Daubert</u> hearing is not always required. <u>Padillas v. Stork-Gamco, Inc.</u>, 186 F.3d 412, 418 (3d 1999). There is a full record before the Court on this issue including Silberman's expert report and deposition. Under Third Circuit precedent, nothing more is required for a court to determine the admissibility of an expert witness. <u>See</u> <u>Oddi v. Ford Motor Co.</u>, 234 F. 3d 136, 154 (3d Cir. 2000) (Upholding a district court's decision to deny a <u>Daubert</u> hearing where the court "already had before it the depositions and affidavits of the plaintiff's experts.")

The testimony at issue is that of Plaintiffs' expert, Morris Silberman. Silberman has been in the glass business for thirty-nine years. (Doc. No. 33 at 4.) He began as a glazier in the 1970's and has since run companies engaged in glass installation for both homes and offices. (<u>Id.</u>) Every year, he attends classes in the glass field to keep current on new materials. (<u>Id.</u> at 45.) He oversees and troubleshoots glass installation projects and is familiar with building codes in the tri-state New York area. (<u>Id.</u>) He has worked with tempered glass and with greenhouse structures similar to the structure in Wintergreens Restaurant. (<u>Id.</u>) Throughout his career he has trained over 200 apprentice glaziers, and builders rely on him for his glass expertise. (Doc. No. 33 at 35.)

In his report, Silberman found that the Wintergreens Restaurant's glass structure was at least twenty-five years old and had not been properly maintained. He found that the glass was "abused by drilling holes, hanging chains and hooks, a bar attached to the structure, leaking thermo seals, temperature fluctuations and a lack of maintenance," and that this abuse weakened the structure, causing a glass pane to fall on Plaintiff Richard States. (Doc. No. 33 at 7.) He further found that the structure's abuse "would alert any reasonable restaurant owner to the potential danger to its patrons sitting underneath the glass roof." (Doc. No. 33 at 7.)

2

Silberman's findings are based on his review of photographs from the scene of the accident, including photos of the glass structure, the broken pane, the shattered glass, and the structure's window frames. (Id. at 5.) Additionally, he reviewed Plaintiffs' depositions, the deposition of Andrew Wolf, a designee for the corporation, and the report of defense expert, Dr. Paul Verghese, Ph.D. He also reviewed Plaintiff States' medical records from the accident. (Id.)

Defendants argue that Silberman's testimony is inadmissible under Federal Rule of Evidence 702. Rule 702, which "governs the admissibility of expert testimony, has a liberal policy of admissibility." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997). In Pineda v. Ford Motor Co., 520 F.3d 237 (3d Cir. 2008), the Third Circuit held that Rule 702 "has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." Id. at 244. These requirements are also referred to as "qualification, reliability and fit." Estate of Schneider v. Fried, 320 F. 3d 396, 404 (3d Cir. 2003). For the following reasons, the Court finds that Silberman's testimony satisfies the requirements of Rule 702.

**Qualification**

First, the Third Circuit has "interpreted Rule 702's qualification requirement liberally." Pineda, 520 F.3d at 244 (citing Schneider, 320 F.3d at 404; In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994)). Accordingly, a "broad range of knowledge, skills, and training qualify an expert." Paoli, 35 F.3d at 741. Because both the "substantive" and "formal" qualifications of an expert are viewed liberally, the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more generalized qualifications." Id. For example, in Hammond v. International Harvester Co., 691 F. 2d 646 (3d Cir. 1982), the

3

Third Circuit found that an automobile and agricultural equipment salesperson who taught high school automobile classes qualified as an expert in a personal injury case involving a tractor. The Hammond Court found that "[p]ractical experience as well as academic training and credentials may be the basis of qualification (as an expert witness)." Id. at 653 (quoting Moran v. Ford Motor Co., 476 F.2d 289, 291 (8th Cir. 1973) (internal quotation omitted); see also, Lauria v. Nat'l R.R. Passenger Corp., 145 F. 3d 593, 599 (3d Cir. 1998) (Foreman's years of experience with railroad track equipment, maintenance, and safety qualified him to testify as an expert on Amtrak's duty to maintain railroad track.)

Defendants argue that Silberman is not qualified to testify as an expert because he "does not claim to have taken any engineering courses, is not a licensed professional engineer and does not hold himself out as an engineering expert in any specialized field of engineering." (Doc. No. 29 at 10.) As previously mentioned, Silberman has been in the glass business for thirty-nine years. Builders rely on his expert opinion, and have done so for years. Every year, he attends classes in the glass field to keep current on new materials. In this case, Silberman's extensive personal and practical experience in the glass industry qualifies him an expert. As such, he more than satisfies Rule 702's liberal "qualification" requirement.

**Reliability**

Turning to the "reliability" requirement, the Third Circuit has interpreted reliability "to mean that an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." Pineda, 520 F.3d at 244 (quoting Paoli, 35 F.3d at 742) (internal quotations omitted). Notably, "[t]he evidentiary requirement of reliability is lower than the merits standard of correctness." Id. at 744. Admissibility turns "on the expert's methods and

4

reasoning; credibility decisions arise after admissibility has been determined." Kannankeril, 128 F.3d at 806.

Defendants urge the Court to rely on a list of factors cited in Daubert and the Third Circuit case United States v. Downing, and to compare the factors to the ones relied on by Silberman in his methodology. The factors Defendants argue that the Court must consider are: "(1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-94 (1993); United States v. Downing, 753 F.2d 1224, 1238-39 (3d Cir. 1985).

It is well established, however, that these factors "are neither exhaustive nor applicable in every case." Kannankeril, 128 F.3d at 806-07. The Daubert Court "made clear that its list of factors was meant to be helpful, not definitive." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151 (1999). Indeed, some courts have held that when examining expert testimony that is based on practical experience, rather than academic theories, "the Daubert factors (peer review, publication, potential error rate, etc.) simply are not applicable," because the reliability of testimony from a practical experience expert "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000).

Silberman rendered his opinion after a careful review of the evidence. It is not based on a scientific hypothesis that can be published or peer reviewed. His opinion is supported, though,

5

not by a testable theory, but by his understanding of glass products. Silberman has extensive experience with tempered glass, gleaned from his career in the industry, installing glass, especially in greenhouse structures similar to the one from which the glass fell on Plaintiff States, and serving as a glass consultant on major projects. His thirty-nine years of personal and practical experience support the reliability of his opinion. As such, many of the factors Defendants ask the Court to examine – peer review, publication, potential rate of error, general acceptance, standards controlling the technique's operation, and the relationship of the technique to reliable methods – do not apply to Silberman's testimony.

Because his opinion is based solely on his experience, however, the Court has examined Silberman's qualifications and the non-judicial uses to which his opinions have been put. Downing, 753 F.2d at 1239. As discussed, Silberman has experience in the glass field in both the private and commercial context. What most impresses the Court is his experience with tempered glass, the kind of glass at issue in this case, and his experience with greenhouse-like structures, the type of structure at issue in this case. His years of experience and relevant expertise provide the necessary support for his opinions. Also, his opinions have been requested in a non-judicial context, as he has been brought on as a consultant for glasswork in both homes and offices.

Silberman's testimony is similar to the expert testimony presented in Pineda. In that case, the Third Circuit allowed testimony from an engineer who worked extensively in the glass and ceramics fields. The expert testified that an automobile manufacturer should have included in its service manual a step-by-step guide on how to prevent the failure of glass in a car's rear liftgate. 520 F. 3d at 245. Defendant questioned the admissibility of the expert's testimony, arguing that his opinion was based on nothing more than his "generalized experience." Id. at

248. However, the Third Circuit recognized that the expert's opinion was supported by his years of experience in the glass field and that he was not required to test his opinion. The Court found that:

> [Plaintiff] proffered [the expert] as an engineering expert who understood the stresses and forces that might cause glass to fail. [The expert's] specialized, rather than generalized, experience in this area allowed him to recognize that exerting a force on one area of the rear liftgate glass before exerting a force on another area of the glass could lead to its shattering. [The expert] did not have to develop or test alternative warnings to render an opinion that the . . . service manual did not provide adequate, step-by-step instructions to account for the different stresses that might be exerted when an automobile technician replaces the rear liftgate brackets and hinges, or that the lack of instructions was a safety issue for the technician.

Id. Similarly, Silberman's opinion as to the structural integrity of the Wintergreens Restaurant's glass enclosure is based on his years of specialized, rather than generalized, experience in the glass field. His review of photographs of the area of the greenhouse where the glass fell and other items led him to conclude that several "holes, hanging chains and hooks, a bar attached to the structure, leaking thermo seals, temperature fluctuations and a lack of maintenance" caused the structure to weaken and the glass to fall. (Doc. No. 33 at 7.) His opinion therefore is supported by his experience, and meets Rule 702's reliability requirement.

**Fit**

Finally, Silberman's testimony also "fits" the issues in this case. In order to satisfy the "fit" requirement, "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." Schneider, 320 F. 3d at 404. Because this case turns on what caused the glass pane to fall onto Plaintiff Richard States, Silberman's opinion that the glass fell because of years of neglect and abuse certainly would assist the trier of fact and is relevant for the purposes of the case.

7

## Conclusion

For the foregoing reasons, Silberman will be permitted to testify at trial. "Any dispute . . . about the strength of [Silberman's testimony] in this case should be resolved by the jury." Pineda, 520 F. 3d at 249. Defendants' Motion to Exclude the Testimony of Morris Silberman, or in the Alternative, for a Daubert Hearing (Doc. No. 28) will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD A STATES, JR., et al.,

    Plaintiffs,

v.

FERNWOOD HOTEL AND RESORT, et al.,

    Defendants.

CIVIL ACTION
NO. 12-0906

## **ORDER**

**AND NOW**, this 15th day of January 2014, upon consideration of Defendants' Motion to Exclude the Testimony of Morris Silberman, or in the Alternative, for a Daubert Hearing (Doc. No. 28), Defendants' Brief in Support (Doc. No. 29), Plaintiffs' Response (Doc. No. 33), Plaintiffs' Brief in Opposition (Doc. No. 34) and supporting exhibits submitted by the parties, it is **ORDERED** that Defendants' Motion to Exclude the Testimony of Morris Silberman, or in the Alternative, for a Daubert Hearing (Doc. No. 28) is **DENIED**.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.